**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF VIRGINIA
<u>Norfolk Division</u>**

**In re:**
**ANGELA MICHELLE PERKINS,**                                    Case No. 19-70759-FJS
                                                                **Chapter 13**
    Debtor.

---

**KELLY M. BARNHART,
CHAPTER 13 TRUSTEE,**

    Plaintiff,

v.                                                              AP Case No. _____

**COMMONWEALTH OF VIRGINIA
DEPARTMENT OF TAXATION,**

**and**

**TAXING AUTHORITY CONSULTING SERVICES, P.C.**

**and**

**HARRIS & HARRIS OF ILLINOIS, LTD.,**

    Defendants.

<u>**COMPLAINT**</u>

    COMES NOW Kelly M. Barnhart, Chapter 13 Trustee, the Plaintiff in this adversary proceeding (the "**Trustee**"), by counsel, and states as follows:

**Jurisdiction and Venue**

    1.    This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and this is a core proceeding.

Nisha R. Patel, Esquire (VSB No. 83302)
Kelly M. Barnhart, Chapter 13 Trustee
7021 Harbour View Blvd., Suite 101
Suffolk, VA 23435
Telephone – (757) 333-4000
Facsimile - (757) 333-3434
npatel@kmbch13.com

2. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409 because the underlying bankruptcy case filed by Angela Michelle Perkins (the "**Debtor**") was reopened by this Court on January 25, 2023.

### Parties

3. The Debtor, an individual resident of Virginia, filed a voluntary petition for bankruptcy relief under Chapter 13 of Title 11 of the United States Code (the "**Bankruptcy Code**") on March 1, 2019.

4. R. Clinton Stackhouse, Jr. (the "**Former Trustee**") was appointed as the chapter 13 trustee in the Debtor's bankruptcy case on March 2, 2019, and served in that capacity until his retirement on June 30, 2022, at which time he was succeeded by the Trustee.

5. The Commonwealth of Virginia Department of Taxation ("**VDOT**") is an agency of the Commonwealth of Virginia.

6. Taxing Authority Consulting Services, P.C. ("**TACS**") is a stock corporation with a principal office in Henrico, Virginia. The registered agent for TACS is Mark K. Ames, Esquire.

7. Harris & Harris of Illinois, Ltd. ("**Harris and Harris**") is a stock corporation with a principal office in Chicago, Illinois and licensed to transact business in Virginia. The registered agent for Harris & Harris in Virginia is the Corporation Service Company in Richmond, Virginia.

### Background

8. On March 1, 2019 (the "**Petition Date**"), the Debtor filed a voluntary petition for bankruptcy relief under Chapter 13 of Title 11 of the Bankruptcy Code and relief was ordered.

9. On March 19, 2019, the Debtor filed her original chapter 13 plan (the "**Plan**"), in which she proposed to make thirty-six (36) monthly payments of $383.00 for the benefit of creditors with allowed claims through the Former Trustee, for a total of $13,788.00. A true copy of the Plan is attached hereto as Exhibit 1.

10. In Section 3(B) of the Plan, the Debtor proposed to repay approximately $1,092.00 to VDOT.

11. Section 12 of the Plan was silent as to whether interest was to be paid to VDOT.

12. VDOT did not object to confirmation of the Plan.

13. On May 23, 2019, this Court entered an order confirming the Plan (the "**Confirmation Order**"), a copy of which is attached hereto as Exhibit 2.

14. VDOT did not appeal the Confirmation Order.

15. On June 17, 2019, TACS filed a proof of claim on behalf of VDOT (the "**Tax Claim**"), a copy of which is attached as Exhibit 3.

16. The Tax Claim, which did not provide for interest to be paid to VDOT, reflected that the Debtor, as of the Petition Date, owed unsecured priority debt of $391.00 for the 2018 tax year and nonpriority debt of $699.41 for the 2002 tax year.

17. The Tax Claim also reflected that the notice address for VDOT was P.O. Box 2156, Richmond, VA 23218 (the "**Notice Address**").

18. On November 8, 2019, the Former Trustee filed a motion to allow claims (the "**Motion to Allow**"), a copy of which is attached hereto as Exhibit 4. Based upon the confirmed Plan and the Tax Claim, the Motion to Allow listed the Tax Claim to be paid at an interest rate of 0.00%. The certificate of service of the Motion to Allow reflects that it was mailed to VDOT at its Notice Address.

19. No party, including VDOT or TACS, objected to the Motion to Allow.

20. On December 3, 2019, this Court entered an order granting the Motion to Allow.

21. Between December 31, 2019, and December 31, 2020, the Former Trustee made the following disbursements totaling $391.00 on the priority portion of the Tax Claim:

    (a) December 31, 2019:     $59.21
    (b) January 31, 2020:     $37.64
    (c) February 28, 2020:     $37.64
    (d) March 27, 2020:     $37.64
    (e) July 31, 2020:     $37.23
    (f) August 31, 2020:     $37.23
    (g) September 30, 2020:     $37.23
    (h) October 30, 2020:     $37.23
    (i) November 30, 2020:     $37.24
    (j) December 31, 2020:     $32.71

22. The Trustee's record of the Priority Disbursements is attached hereto as Exhibit 5.

23. As none of the Priority Disbursements were returned by VDOT, the priority portion of the Tax Claim was paid in full on or about December 31, 2020.

24. Between August 31, 2021, and April 29, 2022, the Former Trustee made disbursements totaling $53.07 on the nonpriority portion of the Tax Claim:

    (a) August 31, 2021:     $26.73
    (b) April 29, 2022:     $26.34

25. On June 30, 2022, the Former Trustee retired and was succeeded by the Trustee.

26. On July 26, 2022, the Trustee made a disbursement of $6.58 on the nonpriority portion of the Tax Claim.

27. In total, the Trustee and Former Trustee made disbursements totaling $59.65 (the "**General Disbursements**") on the nonpriority portion of the Tax Claim, in accordance with the Debtor's confirmed Plan. The Trustee's record of the General Disbursements is attached hereto as Exhibit 6.

28. None of the General Disbursements were returned by VDOT.

29. On July 27, 2022, the Trustee filed a report regarding the Debtor's completion of Plan payments.

30. On July 29, 2022, the Court issued a notice (the "**Discharge Issuance Notice**"), stating that the Debtor would be issued a discharge without further notice or hearing unless any creditor or party in interest filed a request for hearing within twenty-one (21) days. The certificate of notice reflects that the Discharge Issuance Notice was sent via electronic transmission to VDOT in care of Harris & Harris. A copy of the relevant Discharge Issuance Notice is attached as Exhibit 7.

31. No party, including VDOT, TACS, or Harris & Harris, requested a hearing.

32. On August 29, 2022, the Court entered an order discharging the Debtor under 11 U.S.C. § 1328(a) (the "**Discharge Order**"). The certificate of notice reflects that the Discharge Order was sent via electronic transmission to VDOT in care of Harris & Harris. A copy of the relevant notice is attached as Exhibit 8.

33. No party, including VDOT, TACS, or Harris & Harris, appealed the Discharge Order.

34. On September 20, 2022, this Court closed the Debtor's bankruptcy case.

35. Upon information and belief, VDOT, through Harris & Harris, has continued to attempt to collect on the Debtor's prepetition tax obligations.

36. On October 12, 2022, counsel for the Debtor received an email from Rosalinda Estrella ("**Ms. Estrella**"), an employee of Harris & Harris, in which Ms. Estrella advised that that VDOT received $391.00 from the Trustee and applied the funds to "the oldest Tax year debt owed."

37. Ms. Estrella further advised that $209.36 of the Priority Disbursements received from the Trustee were applied to the Debtor's prepetition obligation for 2002, leaving a "remaining balance of $490.05 [this balance is before any additional fees such as penalties, interest or rebates added]."

38. Ms. Estrella further advised that $181.64 of the Priority Disbursements received from the Trustee were applied to the Debtor's prepetition obligation for 2018, leaving a "remaining balance of $209.36 [this balance is before any additional fees such as penalties, interest or rebates added]."

39. A copy of the email from Ms. Estrella is attached as Exhibit 9.

40. On November 8, 2022, the Trustee received a voicemail message from the Debtor, which message suggested that one or more of the priority claims filed in the Debtor's case may not have been paid in full.

41. On November 17, 2022, the Trustee sent an email to counsel for the Debtor, who advised that Harris & Harris was continuing to attempt to collect on the Tax Claim.

42. On November 18, 2022, the Trustee sent an email requesting a phone call to Ms. Estrella and Raven Robertson, Esquire ("**Ms. Robertson**"), an attorney employed by Harris & Harris.

43. The Trustee did not receive a response from either Ms. Estrella or Ms. Robertson.

44. On December 7, 2022, the Trustee sent a follow-up email to Ms. Estrella and Ms. Robertson, in which the Trustee requested a response by December 9, 2022.

45. The Trustee did not receive a response from either Ms. Estrella or Ms. Robertson.

46. On December 16, 2022, the Trustee filed a motion to reopen the Debtor's bankruptcy case for the purposes of commencing this adversary proceeding. The certificate of service attached to the motion to reopen reflects that VDOT, TACS, and Harris & Harris all received separate notice of the motion; however, no party responded to the motion or appeared at the hearing held on January 10, 2023.

47. On January 25, 2023, this Court entered an order reopening the Debtor's bankruptcy case.

## COUNT I: DETERMINATION OF DISCHARGEABILITY

48. Conditioned upon 11 U.S.C. § 523(a) and the filing of a return, a debtor in bankruptcy is ordinarily permitted to discharge her liability on personal income taxes. *Moroney v. United States*, 352 F.3d 902, 903 (4th Cir. 2003).

49. The Tax Claim reflects that the Debtor filed a return for the 2018 tax year (the "**2018 Return**").

50. Upon information and belief, the 2018 Return was timely filed.

51. VDOT, through TACS, received notice of the Motion to Allow filed by the Former Trustee, and subsequently accepted all of the Priority Disbursements.

52. The Priority Disbursements paid the priority portion of the Tax Claim in full.

**COUNT II: DECLARATORY JUDGMENT PURSUANT TO RULE 7001**

53. VDOT, through TACS and/or Harris & Harris, failed to apply the Priority Disbursements and General Disbursements in accordance with the confirmed Plan.

54. VDOT, through Harris & Harris, received the Discharge Issuance Notice from and the Discharge Order entered by this Court.

55. Nevertheless, VDOT, through Harris & Harris, advised counsel for the Debtor that the Debtor still owes debts for the tax years ending in 2002 and 2018.

56. As a result, the Trustee, who administers several thousand cases in this jurisdiction, has been forced to first reopen the Debtor's case, and now to bring this adversary proceeding, in order to address the apparent misapplication of funds disbursed by her office, and to ensure that future disbursements are applied in accordance with a debtor's confirmed chapter 13 plan.

WHEREFORE, the Trustee respectfully requests:

(a) On Count I, that the Court issues a judgment (a) declaring the Debtor's 2018 taxes to be dischargeable, declaring the 2018 taxes to have been discharged in the underlying bankruptcy case;

(b) On Count II, that the Court issues a declaratory judgment ordering VDOT, TACS, and Harris & Harris to apply disbursements from her office in accordance with a debtor's chapter 13 plan, absent an order to the contrary from this Court in a specific case; and

(c) On both Counts, that the Court awards the Trustee's costs and fees in bringing this proceeding; and granting any other relief that the Court may deem proper.

        Respectfully submitted:

**KELLY M. BARNHART,
CHAPTER 13 TRUSTEE**

**/s/ Nisha R. Patel**
Nisha R. Patel, Esquire (VSB No. 83302)
Kelly M. Barnhart, Chapter 13 Trustee
7021 Harbour View Blvd., Suite 101
Suffolk, VA 23435
Telephone – (757) 333-4000
Facsimile - (757) 333-3434
npatel@kmbch13.com